(56 Misc. Rep. 366.)

## GORDON v. ILLENSWORTH et al.

(Supreme Court, Special Term, New York County. November, 1907.)

1. COVENANTS—ACTION FOR BREACH—ANSWER.

Plaintiff sued several grantors on covenants of warranty in a deed in which all joined, alleging eviction as to one-eighth of the property. *Held*, that the fact that a mortgage given to the particular grantor of such one-eighth interest for the price thereof was, on the death of the grantor, purchased for less than its face by the plaintiff from his administrator, who misapplied the price, was not a complete defense.

2. SAME—PARTIAL DEFENSE—ANSWER.

In an action against several grantors on covenants of warranty, in a deed in which all are joined, on an alleged eviction from one-eighth of the property, an alleged tender by the grantors to the plaintiff before the eviction of the price of such one-eighth part, with interest, is not a partial defense as to plaintiff's costs and expenses thereafter incurred in an action to evict him.

Action by Henry Gordon against Elizabeth Illensworth and others. Demurrer to defenses interposed separately in answers of three defendants. Sustained.

George H. Taylor, Jr., for plaintiff.
Edward P. Lyon, for defendant W. P. Illensworth.
Charles A. Clark, for defendant Elizabeth Illensworth.
Percival C. Smith, for defendants Catherine Illensworth and others.

BISCHOFF, J. The plaintiff sues upon the defendants' covenants of title, of warranty, and of quiet enjoyment; his claim being based upon an ouster as to one-eighth of the property conveyed to him. For a separate defense it is alleged, in substance, that the common source of the title to the premises conveyed to the plaintiff was Harriet M. Kemp, who died seised of the premises and leaving a last will and testament whereby she made certain provisions for the disposal of her property, these provisions being set forth in the defense referred to; that at the time of the sale to the plaintiff it was supposed by the sellers that the provisions of the will of Harriet M. Kemp gave to John B. Mee, one of the plaintiff's four grantors, an undivided one-fourth part of the premises; that on the purchase by the plaintiff of the premises he gave back to John B. Mee a bond and purchase-money mortgage for $5,000 for his full share of the purchase money on the basis of his owning one-fourth of the fee; that John B. Mee died, and letters of administration were issued to his wife, Emma B. Mee, upon her giving a bond in the sum of $100, "and the said bond and mortgage so wrongfully given for $5,000, as aforesaid, thereupon came

into her possession"; that the plaintiff and his agents, in order to get control of said bond and mortgage so given for John B. Mee's supposed one-fourth interest in the fee, "and so place it that it could not be offset in case of a suit over the title, by collusion and connivance with the said Emma B. Mee, who has no means whatever, and at a discount of at least $600, took over the said bond and mortgage in the name of a third person, and so held it during the pendency of the suit mentioned in the complaint." The suit referred to was one which resulted in the determination of the title, so far as to affect John B. Mee's right to convey the premises to the extent of one-eighth, and the determination of which suit resulted in the ouster of which the plaintiff complains. The defense contains further allegations to the effect that, but for the purchase of the bond and mortgage by the plaintiff, it could and should have been a complete offset to the claim of Herbert B. Mee, the claimant, for the one-eighth interest referred to, "or at least the administratrix of said John B. Mee could have been brought in and compelled to make good said Herbert B. Mee's loss by surrender and cancellation of said mortgage or otherwise, but that, by reason of said wrongful and collusive purchase of said bond and mortgage, the administratrix of said John B. Mee has entirely dissipated the purchase price, and defendants are without recourse in the premises."

The loss to the defendants, through the transaction thus set forth, arises from the fact that the administratrix of John B. Mee misappropriated the proceeds of the sale of the mortgage, and from the further fact that her bond as administratrix was insufficient for the purpose of protecting persons interested in the estate against loss; but the plaintiff had nothing to do with either circumstance, and the allegation of his collusion with the administratrix relates wholly to his buying back the mortgage from her at a discount of $600 and taking an assignment of the mortgage to a third party. It was certainly open to the plaintiff to discharge his own debt, and his purchase of the mortgage violated no duty owing from him to his grantors. He paid $4,400 to the administratrix, who was entitled to receive it, and the resulting loss to the creditors of the estate—including these particular defendants—is traced by the averments of the defense to no wrongful act of his. If the assignee of the mortgage merely holds the title for the plaintiff, as is alleged, then the plaintiff has paid his debt; otherwise, he still owes it to the assignee, the present holder of the bond, and at best it may be said that the discount of $600 from the face of the mortgage represents a lessening of the consideration paid by the plaintiff to John B. Mee—one of the grantors—to that extent. In this aspect, however, the facts would relate simply to the reduction of damages sustained through the ouster, the damages being measured by the purchase price, and no complete defense to the action would be apparent. The matter is not pleaded as a partial defense; and, since the allegations fail to set forth a complete defense, the demurrer is to be sustained. It is to be noted that the general averments of collusion and connivance, as well as the characterization of the mortgage as one "so wrongfully given for $5,000," are related to no substantial averments of fact, and their presence in the pleading does not in any way

strengthen the defense, which, for the reasons stated, is insufficient in substance.

The demurrer is also directed to a partial defense based upon the fact that, immediately upon the commencement of the suit by Herbert B. Mee against the plaintiff, set forth in the complaint, the defendants offered and tendered to the plaintiff the consideration paid by him for the premises set forth in the complaint, together with interest, costs, and expenses by him incurred, and asked a reconveyance of said property, but that the plaintiff refused to accept the offer or make a reconveyance. As stated in the answer, the theory of this partial defense is that any cost and expenses incurred by the plaintiff after the tender were voluntarily incurred by him. In my opinion, the partial defense is clearly insufficient. Obviously, the plaintiff was under no duty to give up his purchase at the first hint of litigation. He was entitled to keep what he had bought until ousted, relying upon the defendants' covenants of warranty and of quiet enjoyment; and his right to rely upon those covenants did not in any way depend upon the defendants' election to take back the property upon the assertion of a hostile title. If this partial defense were to be upheld, a grantor's covenants would practically amount to nothing, since the burden would be cast upon the grantee, in every case, to determine at his own risk, in advance of a suit which affected his possession, whether the title thus warranted was good or bad; and the law places no such duty upon him.

The demurrers are, therefore, severally sustained, with costs, with leave to the defendants to amend upon payment of costs within 20 days.

Demurrers severally sustained, with costs, with leave to defendants to amend upon payment of costs within 20 days.